## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GARY BILLINGS, Limited Guardian of )
the Person of DONALD BILLINGS,  )
an incapacitated person,  )
  )
    Plaintiff,  )
  )
v.  )    Case No. CIV-2010-372-M
  )
CONSECO HEALTH INSURANCE  )
COMPANY,  )
  )
    Defendant.  )

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES REQUESTED IN DISCOVERY

COMES NOW Plaintiff, Gary Billings, Limited Guardian of the person of Donald Billings, an incapacitated person, and, pursuant to Federal Rules of Civil Procedure Rule 37, respectfully requests the Court enter an order compelling Defendant Conseco Health Insurance Company ("Conseco") to properly respond and answer Plaintiff's Interrogatory Nos. 15-22.  In support of this Motion, Plaintiff states as follows:

1.    Conseco issued a supplemental health insurance policy to Donald Billings, which included benefits in the event that Donald Billings had a stroke, and o n August 2, 2009, Donald Billings suffered a stroke with paralysis.  (*See Amended Complaint*, Document 47, filed 09/20/11, ¶¶ 7-9).  As a result of the stroke, Donald Billings was severely limited in his physical and mental capabilities and sought treatment in several different facilities including a Veterans Affairs ("VA") hospital and a skilled nursing facility. (*Id.* at ¶¶ 10-13).

2.     On or about September 17, 2009, Plaintiff Gary Billings ("Billings") submitted a claim on behalf of his father, Donald Billings, to Conseco for benefits as a result of the stroke.  (*Id.* at ¶ 14).  From the onset of handling Donald Billings' claim, Conseco intentionally delayed and prevented Donald Billings from receiving properly owed benefits under the policy by repeatedly requesting and receiving information from Billings, including statements of loss, powers of attorney, physicians' statements, medical records, and so on.  (*Id.* at ¶¶ 15-16, 19, 21-22).  Specifically, Conseco has "muddled" the claims process in order to confuse insureds, like Donald Billings, regarding the status of their claim and to "justify" the denial of claims in the contestability period, like Donald Billings' claim.  (*Id.* at ¶¶ 15-24).

3.     Due to the deplorable manner in which Conseco handled Donald Billings' claim, this litigation has ensued and Billings has attempted to gather information and evidence through the discovery process to support his allegations that Conseco willfully and maliciously prevented Donald Billings from recovering properly owed benefits under the policy.

4.     On August 18, 2010, Conseco received Plaintiff's First Interrogatories that included sixteen (16) interrogatories, none of which contained "discrete" subparts or subparts that were not related to the overall common theme of the question.  (*See Plaintiff's First Set of Interrogatories*, 08/18/10, attached as Exhibit "1").

5.     On October 12, 2010, Conseco appropriately responded to and answered Interrogatories Nos. 1-14.  However, in response to Interrogatories Nos. 15 and 16, Conseco responded with the following:

**INTERROGATORY NO. 15:** IDENTIFY each witness known by YOU to have knowledge of the circumstances that are the subject of this lawsuit.

**ANSWER:** Objection. This interrogatory exceeds the allowance of Federal Rule of Evidence 33(a)(1) limiting interrogatories to 25, including all discrete subparts, and no response is required.

**INTERROGATORY NO. 16:** If YOUR response to any of the Requests for Admission served contemporaneously herewith is anything other than an unqualified admission, set forth the factual basis for your denial or partial denial and IDENTIFY each DOCUMENT YOU believe supports such denial or partial denial as well as each PERSON you intend to call to testify as a witness to support such denial or partial denial.

**ANSWER:** Objection. This interrogatory exceeds the allowance of Federal Rule of Evidence 33(a)(1) limiting interrogatories to 25, including all discrete subparts, and no response is required.

(*See Defendant Conseco Health Insurance Company, Inc.'s Answers to Plaintiff's First Interrogatories*, 10/12/10, attached as "Exhibit 2").

6.      As will be demonstrated more fully below, all of the subparts contained in Plaintiff's Interrogatory Nos. 1-14 relate solely to a common subject matter of the respective interrogatory and should be viewed as a single question and, thus, Conseco should have appropriately responded to subsequent interrogatories requested by Billings. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2168.1 (3d ed. 2010). Interrogatory No. 16 is illustrative of one of Billings' interrogatories that contains subparts related only to a specific topic and does not include discrete subparts that are separate and independent of the primary question.  (Exhibit 2).

7.      Subsequently, on July 25, 2011, Billings sent Conseco a second set of interrogatories that included three (3) interrogatories.  (*See Plaintiff's Second Set of*

*Interrogatories and Request for Production*, 07/25/11, attached as "Exhibit 3").   In response to the Interrogatory Nos. 17-19, Conseco again objected to these interrogatories and stated that no response was required because the number of interrogatories exceeded Fed. R. Evid. Rule 33(a)(1).  (*See Defendant Conseco Health Insurance Company, Inc.'s Answers to Plaintiff's Second Set of Interrogatories and Request for Production*, 08/29/11, attached as "Exhibit 4").

8.      Due to Conseco's failure to appropriately respond to Billings' Interrogatory Nos. 16-19, on September 6, 2011, counsel for Billings sent correspondence to counsel for Conseco stating that the interrogatories to Conseco contained no "discrete subparts" as applied under Fed. R. Evid. Rule 33 and that the interrogatories did not exceed the limitation of twenty-five (25) under Fed. R. Evid. Rule 33.  (*See Simone Fulmer Letter to Counsel for Conseco*, 09/06/11, attached as "Exhibit 5").   Furthermore, counsel for Billings also included authority directly against Conseco's position which stands for the proposition that subparts "directed at eliciting details concerning a common theme should be considered a single question."  (Exhibit 5); WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2168.1 (3d ed. 2010).  Counsel for Billings included such authority to give Conseco the opportunity to reconsider its objections and respond to Billings' interrogatories.

9.      After sending the correspondence to Conseco regarding its objections, on September 7, 2011, Billings sent Conseco Plaintiff's Third Set of Interrogatories and Requests for Production to Defendant, which included Interrogatory Nos. 20 and 21.

(*See Plaintiff's Third Set of Interrogatories and Requests for Production to Defendant*, 09/07/11, attached as "Exhibit 6").

10.     After receiving no response from Conseco regarding the September 6, 2011 correspondence, on September 28, 2011, counsel for Billings again sent correspondence to counsel for Conseco  and requested a response from Conseco to Plaintiff's Interrogatories Nos. 16-19.   (*See Simone Fulmer Letter to Counsel for Conseco*, 09/28/11, attached as "Exhibit 7").   Counsel also requested Conseco to respond by October 5, 2011, before Plaintiff would be forced to file the appropriate motion with the Court directing Conseco to respond to the interrogatories.  (Exhibit 7).

11.     Counsel for Conseco responded to counsel for Billings by correspondence on October 5, 2011 and affirmed its objections as well as its position that Billings had exceeded "twenty-five (25) discrete interrogatories, including subparts, well before [Billings'] Interrogatory No. 16 in the first set of discovery requests.  (*See Steven K. Huffer Ltr to Simone Fulmer*, 10/05/11, attached as "Exhibit 8").   In support of its position, counsel for Conseco stated:

> [C]ourts have held that "subparts need not be separately numbered or lettered to count as multiple interrogatories".  *Ferrand v. Scheilder* 2011 U.S. Dist. LEXIS 82906, *7 (E.D. La. July 21, 2011). Further, "…a request for identification of documents should be counted as a separate interrogatory".  *Id.* at *10. Courts have also counted a request for identification of witnesses with knowledge of a particular subject as separate interrogatory. *See*, *High Point Sarl v. Sprint Nextel Corp.* 2011 U.S. Dist. LEXIS 103118, *27-29 (D. Kan. September 12, 2011).

(Exhibit 8).

12.     On October 11, 2011, Conseco also responded to Plaintiff's Interrogatory Nos. 21 and 22 with the same objection stating that no response was required because the interrogatories exceeded twenty-five (25).  (*See Defendant Conseco Health Insurance Company, Inc.'s Answers to Plaintiff's Third Set of Interrogatories and Request for Production*, 10/11/11, attached as "Exhibit 9").

13.     After carefully reviewing the case law asserted by Conseco in support of its objections in its October 5, 2011 correspondence, Conseco's argument is unfounded because Conseco misconstrued the courts' findings in *Ferrand et al v. Schedler et al.*, No. 11-926, 2011 U.S. Dist. LEXIS 82906, at *1 (E.D. La. July 21, 2011) and *High Point Sarl v. Sprint Nextel Corp. et al.*, No. 09-2269-CM-DJW, 2011 U.S. Dist. LEXIS 103118, *1 (D. Kan. Sept. 12, 2011).

14.     In *Ferrand*, the court addressed the issue of the manner in which to count "discrete subparts" in interrogatories and, although the court did state that subparts did not need to be separately numbered or lettered to count as multiple interrogatories, the court agreed with other federal district courts that reasoned that subparts which are logically or factually related to the primary question contained in the interrogatory should be counted as one interrogatory rather than multiple interrogatories.  *Id.* at *8 (*citing Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998)).  The *Ferrand* court also affirmed that there was no clear and bright-line rule applicable to counting subparts and that other federal district courts focused on whether the subparts of an interrogatory centered on a common theme or topic.  *Id.* at *8-9.  Thus, the *Ferrand* court made clear that, regardless of the approach used, these principles will enable parties to determine

whether interrogatories should be counted as one or multiple interrogatories and to help avoid wasting resources of the courts on "hyper-technical disputes". *Id.* at *10 (*citing Safeco of Am.*, 181 F.R.D. at 446).

15.     In addition, the *High Point Sarl* court noted that the Federal Rules of Civil Procedure Advisory Committee had also addressed the issue of subparts and found that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." *High Point Sarl*, 2011 U.S. Dist. LEXIS 103118 at *6 (*citing* Fed. R. Civ. P. 33(a) advisory committee's note (1993 Amendments)); *See also Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (2004). Moreover, the United States District Court for Kansas in *High Point Sarl* applied the "common theme" test to determine whether the subparts were inquiries into discrete areas that could be considered more than one question or, instead, were directed at information concerning a common theme and, thus, considered one single question. *Id.* at *6-7. Although the *High Point Sarl* court ultimately determined that some of the interrogatories requested by the plaintiff were actually multiple interrogatories, the court made this determination on the basis that those interrogatories did not have a common theme. *Id.* at *8-16.   However, where the court found there to be a common theme, it counted the interrogatory as one, regardless of whether the subparts requested documents, witnesses, locations, and so on.[1]   *Id.* at *8-16; *See also Swackhammer*, 225 F.R.D. at 664-65

---

[1] This contrary to Conseco's contention that the *High Point Sarl* court "counted requests for identification of documents and person with knowledge as separate interrogatories when they

(applying the "common theme" test to determine whether interrogatories in dispute exceeded the numerical limit).

16.    Indeed, counsel for Billings sent correspondence to counsel for Conseco on October 18, 2011, notifying them that the case law cited by Conseco does not support its position and again requested Conseco to reconsider its objections.  (*See Simone Fulmer Email to Steven K. Huffer*, 10/18/11, 3:27 p.m., attached as "Exhibit 10").   In fact, counsel for Billings also demonstrated that Interrogatory Nos. 4-14 request information related only to certain paragraphs of Conseco's Answer or responses to Plaintiff's Requests for Admission, and include as subparts, the identification of documents and witnesses related to Conseco's response to the primary question contained in the interrogatory.[2]    (Exhibit 1).    The interrogatories that contain subparts following Interrogatory No. 14 are identical in that approach.  (Exhibit 3; Exhibit 6).  Counsel for Billings again asked for Conseco to reconsider its position by October 20, 2011, before Billings would file a motion with the Court on this issue.

17.    Conseco has maintained its objections despite the repeated good faith efforts by counsel for Billings to resolve this dispute and its own attempts to mislead counsel for Plaintiffs by misconstruing case law concerning this issue.  As demonstrated

---

were presented in contention-type interrogatory."  (*See Steven K. Huffer Ltr to Simone Fulmer*, 10/20/11, attached as "Exhibit 11").

[2] Conseco's urges that *Wildearth Guardians v. Public Serv. Co. of Colorado*, No. 09-cv-01862-ZLW-MEH, 2010 U.S. Dist. LEXIS 138972, *8-11 (D. Colo. Dec. 29, 2010), should persuade this Court to count Billings' request for information underlying Conseco's denial of Billings' requests for admission as multiple interrogatories since the requests for admission allegedly pertain to different and separate topics.  (Exhibit 11).  However, the requests for admission here clearly reflect a common theme, which is the circumstances and manner in which Conseco has been investigating, evaluating and handling Donald Billings' insurance claim.

above, the interrogatories requested by Plaintiff that do contain subparts do not contain different topics or subject matter and cannot be viewed as independent from the respective primary question.  Thus, based on the "common theme" principles applied by federal courts in this jurisdiction, each of Billings' interrogatories, including their respective subparts, should not be considered multiple interrogatories.  Therefore, Billings has not exceeded the numerical limit of twenty-five (25) interrogatories and Conseco should be compelled to answer Plaintiff's Interrogatory Nos. 15-21.

18.     In the alternative, if the Court does find that the interrogatories requested by Plaintiff exceed the numerical limit of twenty-five (25) and agrees with the position taken by Conseco, pursuant to Fed. R. Civ. P. Rules 33 and 26(b)(2), Plaintiff respectfully requests additional interrogatories and asks the Court to alter the allowable number of interrogatories to correspond with the interrogatories already requested by Plaintiff through Interrogatory No. 21.  All of the interrogatories through Interrogatory No. 21 are relevant and essential to the critical issues in this case.

19.     Furthermore, pursuant to Fed. R. Civ. P. Rule 37, if the Court grants this Motion, Billings' respectfully requests the Court award expenses and attorney fees because of the good faith efforts of counsel for Billings to resolve this dispute on several occasions and repeatedly requesting Conseco to reconsider its objections (even after notifying Conseco that it had no basis for its position) before filing this Motion.

20.     WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests the Court enter an order compelling Defendant to properly respond and answer Plaintiff's Interrogatory Nos. 15-21 and award and expenses as a result of this Motion.

Respectfully submitted,

**WHITTEN BURRAGE**

/s/ Simone Gosnell Fulmer
Reggie Whitten, OBA #9576
Michael Burrage, OBA #1350
Simone Gosnell Fulmer, OBA #17037
Harrison Lujan, OBA #30154
1215 Classen Drive
Oklahoma City, Oklahoma 73103
Telephone:   (405) 516-7800
Facsimile:   (405) 516-7859
E-Mail:     rwhitten@whittenburragelaw.com
            mburrage@whittenburragelaw.com
            sfulmer@whittenburragelaw.com
            hlujan@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of November, 2011, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor                    Steven K. Huffer
NEWTON, O'CONNOR, TURNER               S.K. HUFFER & ASSOCIATES, PC
    & KETCHUM, PC                      12220 N. Meridian Street, Suite 250
2700 Bank of America Center            Carmel, IN  46032
15 West Sixth Street
Tulsa, OK 74119

/s/Simone Gosnell Fulmer