IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONALD BILLINGS,

    Plaintiff,

v.

CONSECO HEALTH INSURANCE COMPANY,

    Defendant.

Case No. CIV-2010-372-M

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Plaintiff Gary Billings, pursuant to Federal Rules of Civil Procedure 26 and 33, submit the following Interrogatories to Defendant Conseco Health Insurance Company, thereby requiring that they be answered separately, in writing, under oath on or before the next business day following the expiration of thirty (30) days after the receipt of these interrogatories.

### DEFINITIONS

As used herein, the following terms shall have the meaning set forth below:

1.    DOCUMENT(S) and/or DOCUMENTATION shall mean any and all materials within the scope of Federal Rule of Civil Procedure Rule 34(a)(1), and is intended to be all-inclusive including, without limitation, the original and any copies of WRITINGS, computerized data and/or information, software, magnetic, electronic or optical media, memoranda, directives, COMMUNICATIONS, letters, written materials, handwritten notes, e-mail, reports, records, audits, ledgers, financial data, drawings, graphs, charts, specifications, invoices, purchase orders, receipts, personal calendars and diaries, logs, journals, minutes, contracts, recordings of telephonic or personal COMMUNICATIONS, all other recordings, films, prints, negatives, stenographic notes, electronic data, storage media or printouts, other data and/or information,

**EXHIBIT 1**

stenographic notes, electronic data, storage media or printouts, other data and/or information, compilations from which information can be obtained, and any written, printed, recorded or tangible matter of any character in the possession, custody or control of DEFENDANT and/or its antecedent entities, its attorneys, agents or any other PERSON, company or entity under its control as of the date this request was served. DOCUMENT(S) or DOCUMENTATION shall also expressly include any and all exhibits, appendices, attachments, or other type of material and/or information supplementary to such DOCUMENTATION, and also include any and all editions or versions of, and/or revisions, modifications, amendments, alterations, deletions, additions and/or any other change to, such DOCUMENTATION and/or to such supplementary material or information. Whenever the term DOCUMENT appears in these Interrogatories, that term is intended to include all materials described in the definition of WRITING as set forth herein as well as any form of electronic COMMUNICATION, however generated or stored, such as e-mail, which is capable of being copied.

2. COMMUNICATION(S) shall mean the exchange of thoughts or information through telephonic conversations, oral conversations or speech, electronic conversations other than telephonic conversations, signals, electronic mail, WRITINGS or behavior of any material, including without limitation, correspondence, memorandums, notes, letters, emails, online messaging, faxes, summaries or other notations of any kind.

3. WRITING shall mean any written material, whether typed, handwritten, printed or otherwise, or any photograph, photo static, microfilm, or any other reproduction thereof, and including, without limitation, each note, memorandum, letter, telegram, circular, release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, agreement, contract,

deposit slip, bank statements, receipts, stock certificate, bond coupon, purchase and/or sale confirmation, monthly securities and/or commodities statements.

4. COMPUTERIZED SYSTEM(S) shall mean any electronic software or hardware system, or any combination thereof, that utilizes any form or combination of logical algorithms, software, computer hardware, central processors, electronic processors, electronic or magnetic memory or storage, and/or data input or output devices for any data storage, data retrieval, and/or data manipulation function or operation, including but not limited to any combination of off-the-shelf, customized or proprietary software programs, or databases, files, computer mainframes, desktop computers, laptop computers, PDAs, networks, LANS, wireless networks, intranets, internets, client workstations, servers, server farms, Oracle databases, UNIX servers, LINUX servers, and Windows servers.

5. ACTING ON YOUR BEHALF means YOUR parent, affiliates, subsidiaries, attorneys, insurance carriers, agents, their representatives, experts, and consultants performing work or conducting business for YOU.

6. YOU, YOUR, YOURS, DEFENDANT, or any pronoun referring to the DEFENDANT, shall mean the named DEFENDANT to whom these Interrogatories are directed and DEFENDANT'S affiliated entities, parent entities, subsidiary entities, predecessors-in-interest, successors-in-interest, attorneys, agents, officers, board members, EMPLOYEES, investigators, representatives or any other individual ACTING ON YOUR BEHALF.

7. EMPLOYEES shall mean all EMPLOYEES past and present affiliated in any way with YOU or ACTING ON YOUR BEHALF, including any PERSON included within the meaning of that term by federal labor laws and/or any applicable state worker's compensation

law as set forth in statute and case law. The term shall also include any PERSON performing any work for YOU as an agent or independent contractor.

8.      IDENTIFY or IDENTIFICATION, when used with reference to an individual PERSON, shall mean to state his full name and any previous names or alias, residential and business addresses and telephone numbers, and his present or last known position and business affiliation.

9.      IDENTIFY or IDENTIFICATION, when used in reference to a corporation, firm, association, partnership or other entity, shall mean its full name, form of organization, and its present or last known address of its principal place of business.

10.     IDENTITY or IDENTIFICATION, when used in reference to a WRITING, DOCUMENT or DOCUMENTATION, shall mean to state the following with respect to each WRITING, DOCUMENT, or DOCUMENTION: (1) A description of the type of WRITING, DOCUMENT, or DOCUMENTATION in sufficient detail to enable it to be specifically identified in a request for production, pursuant to Rule 34 of the Federal Rules of Civil Procedure; (2) The identity of the author(s) of the WRITING, DOCUMENT, or DOCUMENTION; (3) The date of the WRITING, DOCUMENT, or DOCUMENTION; (4) The Bates number of the WRITING, DOCUMENT, or DOCUMENTION, where applicable; (5) A brief summary of the contents of the WRITING, DOCUMENT, or DOCUMENTION; (6) Where the WRITING, DOCUMENT, or DOCUMENTION is located and the IDENTITY of the current custodian of the WRITING, DOCUMENT, or DOCUMENTION.

11.     IDENTIFY or IDENTIFICATION, when used in reference to a meeting or conference, shall mean to state the date of the meeting or conference, the place of the meeting or conference, and the IDENTITY of each PERSON attending the meeting or conference.

4

12. IDENTIFY or IDENTIFICATION, when used in reference to a telephonic conversation, shall mean IDENTIFY each PERSON participating in or listening to the telephonic conversation, the location of each such PERSON at the time the telephonic conversation took place, which PERSON initiated the telephonic call, and when such telephonic conversation took place.

13. IDENTIFY or IDENTIFICATION, when used in reference to an oral conversation other than telephonic conversation, shall mean to state when such conversation took place, where such conversation took place, and identity each PERSON participating in or listening to such conversation.

14. DEFENDANT means Conseco Health Insurance Company, its antecedent entities, predecessors in interest, any and all subsidiaries or related entities and/or partners, managers, officers, employees, directors, agents or representatives, and all other persons acting or whom YOU believe to have been ACTING ON YOUR BEHALF.

15. PERSON means any human being, firm, proprietorship, corporation, association, or any other type of organization or entity.

## INSTRUCTIONS

1. These Interrogatories are intended to ascertain information and DOCUMENTS not only in the possession of DEFENDANT, but also information and DOCUMENTS in the possession of DEFENDANT'S affiliate entities, parent entities, subsidiary entities, predecessors-in-interest, successors-in-interest, agents and EMPLOYEES, including attorneys or investigators, and also any information contained in records and DOCUMENTS in its custody and control or available to it upon reasonable inquiry.

2. Plaintiff demands that PERSON(S) with knowledge of the subject matter herein and able to bind DEFENDANT with his or her answers verify the answers to these Interrogatories under oath.

3. Wherever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the feminine and the feminine shall be deemed to include the masculine, and disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

4. Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons of the incompleteness of the answer, as well as by a statement of whatever knowledge, information or belief YOU possess with respect to each unanswered or incompletely answered Interrogatory.

5. Produce any DOCUMENTS either (1) as they are kept in the usual course of business and state in YOUR Answer to Interrogatory the bates number or range where the responsive DOCUMENTS may be found or (2) organized and labeled to correspond with the categories in the Interrogatory.

6. If any privilege is claimed with respect to any answer to these Interrogatories or if YOU otherwise are unable to produce any DOCUMENT, then with respect to each DOCUMENT provide separately the following information:

    a. Its description (for example; letters, e-mail, photograph);

    b. Its title;

    c. Its date and number of pages;

    d. Its subject matter, or if no privilege is claimed, the complete substance of its contents;

    e. The IDENTITY of its author(s), signature(s), and any PERSON(s) who participated in its preparation;

    f. The IDENTITY of its addressee(s), or recipient(s);

    g. The IDENTITY of each PERSON to whom copies were sent and each PERSON by whom copies were received;

    h. The item's location;

    i. The identity of its custodian(s).

    j. If any such DOCUMENT was, but is no longer, in the possession or subject to the control of DEFENDANT, state what disposition was made of it; and

    k. Full explanation of the basis of any privilege claimed or the reason the DOCUMENT cannot be produced.

7. Unless otherwise limited or expanded, the geographical scope of these Interrogatories encompasses all States of the United States in which YOU conduct business.

8. These Interrogatories shall be deemed continuing pursuant to the Federal Rules of Civil Procedure as to require additional answers if DEFENDANT acquires, learns or discovers additional information or DOCUMENTS between the time the answers or production are served and the time of trial. If any DOCUMENTS or information that are covered by this request come within YOUR possession or control after YOU have received this request, or if YOUR previous responses were incomplete or incorrect, then YOU shall produce for inspection and copying those DOCUMENTS and/or supplement YOUR Interrogatory responses. This includes, but is not limited to, supplying supplemental information about the identity and location of PERSONS

having knowledge of discoverable matters, the identity and location of each PERSON expected to be called as a witness at trial, and the requested information pertaining to experts. Such additional answers or DOCUMENTS shall be served seasonably, but not later than thirty (30) days after such further information is received.

**INTERROGATORY NO. 1:** IDENTIFY each PERSON answering these Interrogatories and/or who supplies any information upon which these Interrogatory answers are based and state which Interrogatory(ies) he/she answered or supplied information.

**INTERROGATORY NO. 2:** IDENTIFY each PERSON involved in the handling of Plaintiff's claim that is the subject of this lawsuit.

**INTERROGATORY NO. 3:** IDENTIFY each PERSON with whom YOU have communicated regarding Plaintiff's claim that is the subject of this lawsuit.

**INTERROGATORY NO. 4:** Set forth the factual basis for YOUR refusal to fully admit ¶ 8 of the Complaint and IDENTIFY each DOCUMENT YOU believe supports such partial denial as well as each PERSON YOU intend to call to testify as a witness to support such partial denial.

**INTERROGATORY NO. 5:** Set forth the factual basis for YOUR refusal to fully admit ¶ 9 of the Complaint and IDENTIFY each DOCUMENT YOU believe supports such partial denial as well as each PERSON YOU intend to call to testify as a witness to support such partial denial.

**INTERROGATORY NO. 6:** Set forth the factual basis for YOUR refusal to fully admit ¶ 10 of the Complaint and IDENTIFY each DOCUMENT YOU believe supports such partial denial as well as each PERSON YOU intend to call to testify as a witness to support such partial denial.

**INTERROGATORY NO. 7:** With regard to YOUR refusal to fully admit ¶ 13 of the Complaint, IDENTIFY all medical records and bills provided to YOU by Plaintiff relating to his treatment for stroke and, if YOU contend that there are additional medical records that Plaintiff should have but did not provide YOU regarding his treatment for stroke, IDENTIFY each such medical record or bill and each COMMUNICATION between YOU and Plaintiff regarding such record or bill.

**INTERROGATORY NO. 8:** Set forth the factual basis for YOUR denial of ¶ 15 of the Complaint and IDENTIFY each DOCUMENT YOU believe supports such denial as well as each PERSON YOU intend to call to testify as a witness to support such denial.

**INTERROGATORY NO. 9:** With regard to YOUR denial of ¶ 16 of the Complaint, set forth each condition for payment that YOU contend Plaintiff has not complied with and IDENTIFY each DOCUMENT YOU believe supports such denial as well as each PERSON YOU intend to call to testify as a witness to support such denial.

**INTERROGATORY NO. 10:** Set forth the factual basis for YOUR denial of ¶ 20, including each sub-paragraph, of the Complaint and IDENTIFY each DOCUMENT YOU believe supports such denial as well as each PERSON YOU intend to call to testify as a witness to support such denial.

**INTERROGATORY NO. 11:** Set forth the factual basis for YOUR denial of ¶ 29 of the Complaint and IDENTIFY each DOCUMENT YOU believe supports such denial as well as each PERSON YOU intend to call to testify as a witness to support such denial.

**INTERROGATORY NO. 12:** Set forth the factual basis for YOUR denial of ¶ 30 the Complaint and IDENTIFY each DOCUMENT YOU believe supports such denial as well as each PERSON YOU intend to call to testify as a witness to support such denial.

**INTERROGATORY NO. 13:** Set forth the factual basis for the "Additional Defense" YOU assert in ¶ 37 of the Answer and IDENTIFY each DOCUMENT YOU believe supports such defense as well as each PERSON YOU intend to call to testify as a witness to support such defense.

**INTERROGATORY NO. 14:** Set forth the factual basis for the "Additional Defense" YOU assert in ¶ 39 of the Answer and IDENTIFY each DOCUMENT YOU believe supports such defense as well as each PERSON YOU intend to call to testify as a witness to support such defense.

**INTERROGATORY NO. 15:** IDENTIFY each witness known by YOU to have knowledge of the circumstances that are the subject of this lawsuit.

**INTERROGATORY NO. 16:** If YOUR response to any of the Requests for Admission served contemporaneously herewith is anything other than an unqualified admission, set forth the factual basis for YOUR denial or partial denial and IDENTIFY each DOCUMENT YOU believe supports such denial or partial denial as well as each PERSON YOU intend to call to testify as a witness to support such denial or partial denial.

Respectfully submitted,

*/s/ Carin L. Marcussen*
Simone Gosnell Fulmer, OBA #17037
Carin L. Marcussen, OBA #19869
WHITTEN BURRAGE
One Leadership Square, Suite 1350
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone:    (405) 516-7800
Facsimile:    (405) 516-7859
e-mail:    sfulmer@whittenburragelaw.com
           cmarcussen@whittenburragelaw.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of August, 2010, a true and correct copy of the above and foregoing was sent to the following counsel of record:

**VIA CERTIFIED MAIL,
RETURN RECEIPT REQUESTED**
William W. O'Connor
NEWTON, O'CONNOR, TURNER
& KETCHUM, PC
2700 Bank of America Center
15 West Sixth Street
Tulsa, OK 74119
ATTORNEY FOR DEFENDANT

**VIA U.S. MAIL**
Steven K. Huffer
S.K. HUFFER & ASSOCIATES, PC
12220 N. Meridian St., Ste. 150
Carmel, IN 46032
ATTORNEY FOR DEFENDANT

_____
Carin L. Marcussen