IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD BILLINGS,<br><br>    Plaintiff,<br><br>v.<br><br>CONSECO HEALTH INSURANCE COMPANY,<br><br>    Defendant. | Case No. CIV-2010-372-M |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES REQUESTED IN DISCOVERY

COMES NOW Defendant Conseco Health Insurance Company (hereinafter "Conseco"), through counsel, and respectfully submits the following Opposition to Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery.

### INTRODUCTION

This is a lawsuit about a limited policy of heart and stroke insurance, which pays certain specified benefits to the policyholder in the event he sustains heart disease or a stroke resulting in paralysis lasting at least 24 hours. Plaintiff claims Donald Billings sustained such a stroke as early as August 2, 2009. The subject policy was issued to Donald Billings on October 22, 2007. Since the initial claims were presented within two years of policy issue, Conseco, as permitted by Oklahoma statutory law and the language of the subject policy, commenced an inquiry into the truth of Mr. Billings' representations in the application for the Policy that he had never previously been treated for a stroke or heart disease.

Medical records provided to Conseco during claims handling, and before the commencement of this action, did not reflect any date of treatment before October 22, 2007, and as such could not prove whether or not there was a misrepresentation about Mr. Billings' prior

health history. Plaintiff takes issue with the manner in which the claim was investigated and processed, but the fact remains that Conseco did not have in its possession any determinative records as to the truth of the application. Medical records from 2009 made some reference to diagnostic testing which indicated the presence of old strokes or infarcts. Only after service of a subpoena in this litigation, in the summer of 2011, did Conseco receive any medical records predating October 22, 2007, the date of the application. Those records, when finally received, revealed that Mr. Billings did have a history of coronary artery disease, among other heart-related issues, dating back to 2003, and that Mr. Billings' answer on the application for the Policy disclaiming such a history was therefore incorrect.[1]

Conseco rejects the argument and inference of counsel in the Motion to Compel that Conseco at any time acted in bad faith or with intent to hinder or delay adjudication of the claim. Arguments of counsel regarding the alleged merits of Plaintiff's claim are extraneous and irrelevant to this Motion to Compel, in any event.

The only issue in this Motion is whether Plaintiff has exceeded the 25 interrogatories, including "discrete subparts", allotted to a party by Fed. R. Civ. P. 33. Conseco first asserted that Plaintiff had exceeded that limit, without seeking leave of court, in responses served in October, 2010. Plaintiff did not take issue with that objection until September, 2011. Counsel have exchanged numerous letters and emails and cited several decisions in an effort to persuade the other that he or she is wrong. As shown below, Conseco's objection is based on well-reasoned precedent. The issue of how to count "discrete subparts" in interrogatories would appear to be an issue of first impression in this District.

---

[1] The medical records received in August, 2011 fell short of proving that Mr. Billings knew his answer on the application was incorrect when he made it, so Conseco paid what it determined to be the proper amount of benefits due under the Policy, approximately $20,000.

**RELEVANT FACTS**

On August 18, 2010, Conseco received Plaintiff's First Set of Interrogatories, which included Interrogatory Nos. 1-16. (Dkt. No. 49 Ex. 1.) Interrogatory Nos. 1-3 and 15 are singular and request the identification of persons. (*Id.*) Interrogatories Nos. 4-6 and 8-14 request factual bases, the identification of documents and the identification of persons. (*Id.*) Interrogatory No. 7 requests the identification of documents and communications. (*Id.*) Interrogatory No. 16 requests the factual basis and the identification of documents and persons to support each of Conseco's denials in Plaintiff's Requests for Admission Nos. 1-18 served contemporaneously with its First Set of Interrogatories. (*Id.*) Conseco denied, in full or in part, at least 16 of Plaintiff's Requests for Admission. (Conseco's Responses to Plaintiff's Requests for Admission attached and referenced as *Exhibit 1*.) Conseco appropriately responded to and answered Interrogatory Nos. 1-14. (*Id.* at ¶ 5.) Conseco objected to Interrogatory Nos. 15 and 16 because the interrogatories exceeded Plaintiff's 25-interrogatory limit.[2] (*Id.*)

On July 25, 2011, Plaintiff sent Conseco its Second Set of Interrogatories, which included Interrogatory Nos. 17-19. (*Id.* at ¶ 7.) Again, Conseco objected because Interrogatory Nos. 17-19 also exceeded Plaintiff's 25-interrogatory limit. (*Id.*) On September 6, 2011, counsel for Plaintiff sent correspondence to counsel for Conseco stating that Interrogatory Nos. 16-19[3] did not exceed Plaintiff's 25-interrogatory limit because each of its interrogatories had a "common theme." (*Id.* at ¶ 8.) On September 7, 2011, counsel for Plaintiff sent Conseco Plaintiff's Third Set of Interrogatories, which included Interrogatory Nos. 20-21. (*Id.* at ¶ 9.) On September 28, 2011,

---

[2] Conseco inadvertently cited to a non-existent Fed. R. Evid. 33(a)(1) instead of Fed. R. Civ. P. 33(a)(1) in its objections to Interrogatory Nos. 15-22. (*See e.g.* Dkt. No. 49 ¶ 5.) However, it is clear through counsels' correspondence and Plaintiff's instant Motion that Conseco's objections were assumed to be based on Fed. R. Civ. P. 33(a)(1). (*See e.g.* Dkt. No. 49 ¶ 18.)

[3] Counsel for Plaintiff's September 6, 2011 and September 28, 2011 correspondence (Dkt. No. 49 Ex. 5, 7) and ¶ 8 of the instant Motion refer only to Interrogatory Nos. 16-19. However, the introductory paragraph to the Motion states that Plaintiff is compelling Conseco's response to Interrogatory Nos. 15-22. Until the instant Motion, Conseco was unaware that Plaintiff was contesting Conseco's objection to Interrogatory No. 15.

counsel for Plaintiff sent correspondence to counsel for Conseco requesting a response to Interrogatory Nos. 16-19. (*Id.* at ¶ 10.) On October 5, 2011, counsel for Conseco responded to counsel for Plaintiff's correspondence and affirmed its objection to Interrogatory Nos. 16-19 because Interrogatory Nos. 4-14 contained discrete subparts and exceeded Plaintiff's 25-interrogatory limit. (*Id.* at ¶ 11.) In his October 5, 2011 letter, counsel for Conseco cited *Ferrand v. Scheilder* for the proposition that requests for the identification of *documents* should be counted as separate interrogatories. No. 11-926-I, 2011 U.S. Dist. LEXIS 82906, *10 (E.D. La. July 21, 2011). (Dkt. No. 49 ¶ 11.) Counsel for Conseco also cited *High Point Sarl v. Sprint Nextel Corp.* for the proposition that requests for the identification of *witnesses* should be counted as separate interrogatories.[4] No. 09-2269-CM-DJW, 2011 U.S. Dist. LEXIS 103118, *27-29 (D. Kan. Sept. 12, 2011). (Dkt. No. 49 ¶ 11.)

On October 11, 2011, Conseco objected to Plaintiff's Interrogatory Nos. 21 and 22 stating that, again, no response was required because Plaintiff had exceeded his 25-interrogatory limit. (*Id.* at ¶ 12.) On October 18, 2011, counsel for Plaintiff sent an email to counsel for Conseco requesting that Conseco reconsider its position. (*Id.* at ¶ 16.) On October 20, 2011, counsel for Conseco sent a letter to counsel for Plaintiff reaffirming Conseco's objection and its position in the October 5, 2011 letter and additionally directing Plaintiff to *Wildearth Guardians v. Public Serv. Corp. of Colorado*, No. 09-CV-01862-ZLW-MEH, 2010 U.S. Dist. LEXIS 138972 (D. Colo. Dec. 29, 2010). (Dkt. No. 49 ¶ 16.) Counsel for Conseco explained that *Wildearth Guardians* stands for the proposition that interrogatories seeking the bases for the denial or partial denial of multiple requests for admission consist of one or more discrete subparts for each such un-admitted request for admission. (*Id.*)

---

[4] Counsel for Plaintiff sent an email to counsel for Conseco on October 18, 2011 acknowledging *Ferrand* and *High Point Sarl*, but she concluded that neither case applied to the facts at hand. (Dkt. No. 49 Ex. 10.)

On November 4, 2011, Plaintiff filed the instant Motion to Compel. (Dkt. No 49.) Plaintiff strongly maintains that the Court should apply "common theme" principles to make *each* of his numbered interrogatories single interrogatories regardless of their subparts. (*Id.* at ¶ 17.) Alternatively, Plaintiff requests leave to propound additional interrogatories. (*Id.* at ¶ 18.)

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 33(a)(1), "a party may serve a maximum of twenty-five written interrogatories upon any other party, including discrete subparts, unless the Court or stipulation from the opposing party allows more." *High Point Sarl*, 2011 U.S. Dist. LEXIS 103118, *9. Discrete subparts are included in the interrogatory count to prevent abuse. *Id.* at *10. It is not always easy to identify discrete subparts in an interrogatory. *Id.* Some subparts "elicit[] details concerning a common theme," and, as such, are a single interrogatory. *Id.* at *12. However, as explained below, Plaintiff's argument that common theme principles operate to make each of his numbered interrogatories single interrogatories regardless of their subparts must fail because common theme principles *do not* apply to the type of information elicited by his interrogatories.

**I.  PLAINTIFF'S INTERROGATORY NOS. 4-14 EACH COUNT AS MORE THAN ONE INTERROGATORY.**

The Court should count each of Plaintiff's Interrogatory Nos. 4-14 as more than one interrogatory because courts have counted requests for the identification of witnesses with knowledge of a particular subject as separate interrogatories. *See Id.* at *27-29. Similarly, requests for the identification of documents should be counted as separate interrogatories. *Ferrand*, 2011 U.S. Dist. LEXIS 82906, *10. Counsel for Conseco cited both *High Point Sarl* and *Ferrand* in his October 5, 2011 letter to counsel for Plaintiff affirming Conseco's interrogatory objections. (Dkt. No. 49 ¶ 11.)

Conseco finds additional support for its position requests for the identification of documents and persons are counted as separate interrogatories in *Ulibarri v. City & County of Denver*. No. 07-CV-1814WDM-MJW, 2008 U.S. Dist. LEXIS 93270 (D. Colo. Nov. 10, 2008). In *Ulibarri*, plaintiffs included requests for the identification of witnesses and documents in their 25 interrogatories. *Id.* at *4-5. Defendants objected to the interrogatories arguing the plaintiffs had exceeded the interrogatory limit contained in the scheduling order. *Id.* at *2-3. The *Ulibarri* court found *IOSTAR Corp. v. Stuart* persuasive where the court "count[ed] as subparts requests in the 25 interrogatories for certain substantive information, a separate identification of witnesses, and a separate identification of documents, for a total of 75 discreet subparts." *Id.* at *5 (summarizing *ISOSTAR Corp. v. Stuart*, 2007 U.S. Dist. LEXIS 96862 (D. Utah Apr. 25, 2007)). The *Ulibarri* court also considered the reasoning in *Banks v. Office of Senate Sergeant-at-Arms*:

> The first and most obvious example [of subparts] is the combining in a single interrogatory of a demand for information and a demand for the documents that pertain to that event. Clearly, these are two distinct demands because knowing that an event occurred is entirely different from learning about the documents that evidence it occurred. Thus, a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.

*Id.* at *5 (quoting *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004)). Although overruled on other grounds, the *Ulibarri* court concluded that defendants' objections to plaintiff's additional interrogatories were "correct and well-founded." *Id.* at *6.

Not insignificantly, *Ulibarri* does not discuss common theme principles. *Id.* Instead, the lack of its discussion supports Conseco's position that Plaintiff's common theme argument does not apply as broadly as he suggests. *Id.* Some examples in *High Point Sarl* illustrate proper use of common theme principles. 2011 U.S. Dist LEXIS 103118. First, the *High Point Sarl* court

recognized an interrogatory at issue in *Semsroth v. City of Wichita* where the interrogatory instruction told the party to identify a person by his or her "name, address, telephone number, present employer and grade or title." *Id.* at *15 (quoting *Semsroth v. City of Wichita*, 2008 U.S. Dist. LEXIS 35380, *17 (D. Kan. Apr. 28, 2008)). The *Semsroth* court found that the instructions included with the interrogatory did *not* create discrete subparts because of the common theme principle.[5] 2008 U.S. Dist. LEXIS 35380, at *18-19. With the correct understanding of the common theme principle, the *High Point Sarl* court then turned to Interrogatory No. 3 at issue in its case which asked:

> Identify all Infrastructure Products used in the Sprint CDMA Network since December 1, 2002 by supplier, manufacturer, model name, model number, version number, all other known names and designations, geographic locations, the number of units, and dates of use.

2011 U.S. Dist. LEXIS 103118, *16. Defendant Sprint argued that the interrogatory was four discrete interrogatory because it essentially asks "what," "where," "how" and "when." *Id.* The court reasoned that the plaintiff's "delineation of the details that should be included in Sprint's response does not turn this interrogatory into separate questions. The specific details concern a common theme -- Sprint's hardware used in its CDMA Network since December 1, 2002. As such, this question constitutes one interrogatory." *Id.* at *17.

Plaintiff's Interrogatory Nos. 4-14 contain discrete subparts and are unlike the common theme interrogatories in *High Point Sarl* and *Semsroth* because they ask for the identification of documents, communications and/or witness in addition to information. (Dkt. No. 49 Ex. 1.) Furthermore, these types of interrogatories specifically constitute discrete subparts according to *Ulibarri*, *High Point Sarl* and *Ferrand*. (*Id.*) Consistent with these cases, the Court should find

---

[5] Similarly, Plaintiff defined the word "IDENTIFY" used in Interrogatory No. 1 to include one's "name and any previous names or alias, residential and business addresses and telephone numbers, and his present or last known and business affiliation." (Dkt. No 49 Ex. 1) Conseco did not object to Interrogatory No. 1. (*Id.* Ex. 2.)

7

that Plaintiff's Interrogatory Nos. 4-6 and 8-14, which request information, documents and persons, each count as three discrete interrogatories. (*Id.*) The Court should also find that Plaintiff's Interrogatory No. 7, which requests documents and communications, counts as two discrete interrogatories. (*Id.*) Thus, Plaintiff reached interrogatory number 25 two-thirds of the way through Interrogatory No. 11. (*Id.*) This is consistent with counsel for Conseco's position taken in all correspondence with counsel for Plaintiff. (*See e.g. Id.* Ex. 8, 11.) However, in a good faith attempt to help narrow the issues of the case, Conseco fully responded to Interrogatory Nos. 1-14, which constitute 35 discrete subparts. (Dkt. No. 49 ¶ 5.) Therefore, the Court should find that Conseco has fulfilled its obligation under Fed. R. Civ. P. 33(a)(1) and deny Plaintiff's Motion to Compel.

## II. PLAINTIFF'S INTERROGATORY NO. 16 COUNTS AS MORE THAN ONE INTERROGATORY.

The Court should count Plaintiff's Interrogatory No. 16 as 48 discrete interrogatories. Interrogatory No. 16 requests the factual bases for each denial in Plaintiff's Requests for Admissions as well as supporting documents and witnesses. (Dkt. No. 49 Ex. 1.) First, courts have counted interrogatories seeking the bases for the denial or partial denial of multiple requests for admission as one or more discrete subparts for each un-admitted request for admission. *Wildearth Guardians*, 2010 U.S. Dist. LEXIS 138972 at *8. Second, for all the reasons shown in Section I, interrogatories seeking documents or persons in addition to information are counted as discrete interrogatories. *See e.g. Ulibarri*, 2008 U.S. Dist. LEXIS 93270.

In his correspondence to Plaintiff's counsel dated October 20, 2011, counsel for Conseco cited *Wildearth Guardians* and noted that Plaintiff's Requests for Admissions referenced in Interrogatory No. 16 contained at least 16 denials or partial denials. (Dkt. No. 49 Ex. 11.) In *Wildearth Guardians*, defendant's interrogatory at issue requested "the factual basis for each

denial or denial in part to Defendant's Requests for Admissions." 2010 U.S. Dist. LEXIS 138972, *8. The court found that plaintiff's responses to defendant's requests for admission contained more than 100 denials. *Id.* at *9-10. The court determined that the defendant failed to show any common themes among the requests for admission. *Id.* at 10. Therefore, the court concluded that defendant's interrogatory at issue well exceeded its interrogatory limit. *Id.*

As in *Wildearth Guardians*, Plaintiff's Interrogatory No. 16 requests the factual basis for Conseco's denials to Plaintiff's 18 Requests for Admission. (Dkt. No. 49 Ex. 1.) Conseco did not unequivocally admit at least 16 of Plaintiff's Requests for Admission. (*Id.* at Ex. 11.) (*Exhibit 1*) Also as in *Wildearth Guardians*, Plaintiff is unable to show a common theme among its Requests for Admission. (*Exhibit 1*) Plaintiff suggests as his common theme, "the circumstance and manner in which Conseco has been investigating and handling Donald Billings' insurance claim." (Dkt. No. 49, fn. 2.) This argument essentially urges the Court to accept the entire case as Plaintiff's common theme and should be rejected according to an analysis made in *High Point Sarl*. 2011 U.S. Dist LEXIS 103118 at *29. (*Id.*) In considering an interrogatory at issue in *High Point Sarl*, the Court reasoned that "the mere fact that all of the questions vaguely relate to licensing" was insufficient to allow application of common theme principles. *Id.* Here, Plaintiff's suggested common theme is necessarily broader than the common theme rejected in *High Point Sarl* and, therefore, cannot be used to avoid the general rule for such contention-type interrogatories creating discrete subparts.

According to *Wildearth* and *High Point Sarl*, the Court should find that Plaintiff's Interrogatory No. 16 contains at least 16 discrete subparts because of its reference to denied or partially-denied requests for admission. (Dkt. No. 49 Ex. 1.) For all the reasons shown in Section I, the Court should find that Plaintiffs Interrogatory No. 16 contains at least 32 additional

discrete subparts because of its request for documents and persons supporting those denied or partially-denied requests for admission. (*Id.*) Therefore, the Court should find that Interrogatory No. 16 propounds at least 48 additional discrete interrogatories and further supports the denial of Plaintiff's Motion to Compel.

### III. PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR LEAVE TO PROPOUND INTERROGATORIES WAS UNREASONABLY DELAYED.

The Court should deny Plaintiff's Motion to Compel as well as his request for leave to propound additional interrogatories because his motion is not timely. (Dkt. No. 49 ¶ 18.) Although Fed. R. Civ. P. 37 "does not specify a time limit in which procedures to compel discovery must be undertaken, courts interpreting that rule have recognized that unreasonable delay can result in a waiver of a party's right to avail himself to the rule." *Creative Compounds, LLC v. Starmark Laboratories, Inc.*, No. 07-22814-CIV-GOLD/MCLILEY, 2010 U.S. Dist. LEXIS 69795, fn. 22 (S.D. Fla. July 13, 2010)(quoting *Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977)).

Conseco first objected to Interrogatory Nos. 15-16 on October 12, 2010. (Dkt. No. 49 ¶ 5.) Plaintiff waited until November 4, 2011 to file the instant Motion. (Dkt. No. 49.) Plaintiff's Motion offers no explanation for the more than one-year delay. (*Id.*) Instead of requesting leave to increase his number of permitted interrogatories or filing a motion to compel at an earlier time, Plaintiff propounded more and more interrogatories upon Conseco. (*Id.* at ¶¶ 7, 9.)

According to *Creative Compounds*, the Court should find that Plaintiff instant Motion is not timely, and he is unable to justify his unreasonable delay in attempting to resolve this matter. Accordingly, the Court should deny Plaintiff's Motion to Compel along with his request for leave to propound additional interrogatories.

## IV.     THE REQUEST TO SANCTION ON CONSECO IS MERITLESS.

Since Conseco's objections are clearly justified by existing legal precedent, the request for discovery sanctions cannot be sustained. Fed. R. Civ. P. 37(a)(5)(A)(ii). "[W]hen a dispute involves differing interpretations of the governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law." *Comprehensive Habilitation Serv., Inc. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006)(citing *Bowne of New York City, Inc. v. AmBase Crop.*, 161 F.R.D. 258, 265 (S.D.N.Y. 1995)). Conseco's position is reasonable and supported by a number of decisions in the 10th Circuit as set forth in Sections I and II. In the nearly identical *Ulibarri* case, the court stated that the same position now taken by Conseco with respect to requests for the identification of documents and persons was "correct and well-founded." 2008 U.S. Dist. LEXIS 93270 at *6. In the nearly identical *Wildearth Guardians* case, the court took the same position as Conseco with respect to Interrogatory No. 16--that interrogatories seeking the bases for the denial or partial denial of multiple requests for admission count as one or more discrete subparts for each un-admitted request for admission. 2010 U.S. Dist. LEXIS 138972, *8. Conseco clearly, consistently and in good faith attempted to convey each of these arguments to Plaintiff in an effort to resolve this dispute outside of court. (*See e.g.*  Dkt. No. 49 Ex. 8, 11.) Therefore, Conseco's objections are substantially justified and sanctions are not warranted.

Additionally, the Court should not impose sanctions on Conseco because Plaintiff filed his Motion without attempting to obtain the response to Interrogatory No. 15 outside of court. Fed. R. Civ. P. 37(a)(5)(A)(i). Counsel for Plaintiff's September 6, 2011 and September 28, 2011 correspondence (Dkt. No. 49 Ex. 5, 7) and ¶ 8 of the instant Motion refer only to Interrogatory Nos. 16-19. (*See* fn. 3 above) Until the instant Motion, Conseco was unaware that Plaintiff was

contesting Conseco's objection to Interrogatory No. 15. Therefore, sanctions would not be warranted as to Interrogatory No. 15.

WHEREFORE, Defendant Conseco Health Insurance Company respectfully requests that the Court deny Plaintiff's Motion to Compel and his request for leave to propound additional interrogatories. Additionally, the Court should deny Plaintiff's request for sanctions.

Respectfully Submitted,

NEWTON, O'CONNOR, TURNER & KETCHUM, PC

/s/ William W. O'Connor
William W. O'Connor, OBA #13200
2700 Bank of America Center
15 West Sixth Street
Tulsa, OK 74119
Telephone: (918) 587-0101
Facsimile: (918) 587-0102
E-mail: boconnor@newtonoconnor.com

S.K. HUFFER & ASSOCIATES, P.C.

/s/ Steven K. Huffer
Steven K. Huffer
12220 N. Meridian Street, Suite 150
Carmel, IN 46032
Telephone: (317) 564-4808
Facsimile: (317) 564-4812
E-mail: steveh@hufferlaw.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2011, I electronically filed the foregoing with the *Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Simone Gosnell Fulmer
sfulmer@hittenburragelaw.com

Carin L. Marcussen
cmarcussen@hittenburragelaw.com

        s/ William W. O'Connor
        William W. O'Connor

Newton, O'Connor, Turner & Ketchum, PC
2700 Bank of America Center
15 West Sixth Street
Tulsa, Oklahoma  74119-5423