**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

GARY BILLINGS, Limited Guardian of  )
the Person of DONALD BILLINGS,       )
an incapacitated person,              )
                                      )
     Plaintiff,                     )
                                      )
v.                                    )    Case No. CIV-2010-372-M
                                      )
CONSECO HEALTH INSURANCE              )
COMPANY,                              )
                                      )
     Defendant.                     )

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORIES
REQUESTED IN DISCOVERY**

COMES NOW Plaintiff, Gary Billings, Limited Guardian of the person of Donald Billings, an incapacitated person, and respectfully submits the following Reply to Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery. In support of this Reply, Plaintiff states as follows:

1.    From the onset of Donald Billings' claim, Conseco has placed virtually insurmountable obstacles in the path of its insured to delay and confuse the claims process in order to withhold the payment of the claim. Despite Conseco's efforts to persuade this Court in its Opposition that its inquiry into the validity of the representations made on Donald Billings' application were legitimate, Conseco has made it an institutional practice to routinely contest <u>all</u> claims from insureds that are presented within two years of the issuance of a Conseco policy regardless of the circumstances of

the claim or regardless of any credible reason(s) for investigating the representations made in an application (as was done by Conseco in this case), including requiring adjusters to fill out an Investigation of Possible Rescission Form.[1] (*Deposition of Patrice McCloud*, 06/28/11, Exhibit "3", pg. 31, 36, 178-79; *Conseco Claim File of Donald Billings*, Exhibit "4", CHIC000857).

2. Moreover, Conseco's contention that it received medical records predating October 22, 2007, the date of the application, only pursuant to a subpoena in this litigation is plainly false because Conseco first received an executed medical authorization and power of attorney (as well as pertinent medical records) from Plaintiff on October 21, 2009 (subsequently, Conseco received three (3) executed medical authorizations and three (3) powers of attorney, including relevant medical records, following Conseco's initial receipt of these documents due to Conseco's repeated requests for the same information). (Exhibit "4", CHIC000408-CHIC000413, CHIC000575-CHIC000661, CHIC000787-CHIC000808). In fact, Conseco's purported need for medical records prior to October 22, 2007, that were received in the summer of 2011 (<u>after</u> this litigation was filed), in order to "properly evaluate the claim" is wholly irrelevant considering that it had at its disposal numerous medical authorizations and the central issue of this bad faith litigation is limited to whether Conseco had a "good faith belief, <u>at the time its performance was requested</u>," that it had a justifiable reason for

---

[1] The payment of benefits in the amount of roughly $20,000 was a result of Conseco's admittance that Donald Billings had suffered a stroke with paralysis and that payment under the Policy was payable when this occurred. (*Deposition of Yadwiga Duncan*, 06/28/11, Exhibit "1", pg. 162-63; *Deposition of Patsy Longino*, 6/29/11, Exhibit "2", pg. 54-55; *Deposition of Patrice McCloud*, 06/28/11, Exhibit "3", pg. 61).

withholding payment under the policy. *Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (emphasis added). Thus, Conseco's practice and procedure regarding claims made within the contestability period is to delay any decision regarding whether the claim is payable until medical records are received prior to the policy being issued despite keeping the insured uninformed as to <u>what</u> medical records are needed (and instead repeatedly requesting the same information over and over again) while at the same time having the means to acquire any medical information necessary to properly evaluate the claim.

     3.    These facts have come to light through the ongoing discovery efforts by Plaintiff. Due to the complexities of this case, Plaintiff has been actively pursuing this case by utilizing not only written interrogatories but all channels of discovery, including discovery depositions. Despite the efforts of Plaintiff, Conseco has prohibited Plaintiff from uncovering relevant information by failing to answer interrogatories requested by Plaintiff. Conseco has objected to answering Interrogatories Nos. 15-21 because Plaintiff has allegedly exceeded the maximum of twenty-five (25) interrogatories, pursuant to Federal Rules of Civil Procedure Rule 33(a)(1), and supports its objection by asserting that common theme principles simply do not apply to the <u>type</u> of information requested by Plaintiff in the subparts of the interrogatories and they should be treated as multiple interrogatories. (*See Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery*, Document 50, filed 11/25/11). Although Conseco again relies on *High Point Sarl v. Sprint Nextel Corp. et. al.*, No. 09-2269-CM-DJW, 2011 U.S. Dist. LEXIS 103118 (D. Kan. Sept. 12, 2011), to support its argument, the *High Point Sarl* court made clear that the court's determination that some

3

of the subparts in the interrogatories were actually multiple interrogatories was made on the basis that the subparts in the interrogatories deemed to be multiple interrogatories did not have a common theme (as they do in this case) and not because of the <u>type</u> of information requested in the subparts. *High Point Sarl*, 2011 U.S. Dist. LEXIS 103118 at *6-7.

4.   Indeed, the *High Point Sarl* court applied the "common theme" test to determine whether the subparts should be considered more than one question and cited to the Federal Rules of Civil Procedure Advisory Committee on the issue of subparts. There, the committee states that, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."[2] *High Point Sarl*, 2011 U.S. Dist. LEXIS 103118 at *6-7 (*citing* Fed. R. Civ. P. 33(a) advisory committee's note (1993 Amendments)); *See also Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (2004).  Thus, the proper focus of an inquiry into whether or not subparts of an interrogatory consist of a "common theme" is not based on the type of information requested, but rather, whether they are consistent with a common subject matter and cannot be viewed as separate or independent of the primary question.  *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2168.1 (3d ed. 2010).

5.   Similarly, Conseco's reliance on *Ferrand et al v. Schedler et al.*, No. 11-926, 2011 U.S. Dist. LEXIS 82906, at *8 (E.D. La. July 21, 2011) is misguided because

---

[2] While Conseco attempts to persuade this Court to the contrary, the "common theme" test applied in *High Point Sarl* carries precedential value in this jurisdiction and should be applied to the circumstances at hand.

...

the court there determined that subparts which are logically or factually related to the primary question contained in the interrogatory should be counted as one interrogatory. Again, the focus of the inquiry into the issue of whether subparts should be counted as multiple interrogatories is not on the type of information requested but the substantive nature of the subparts as they relate to the primary theme of the interrogatory.

6. Although Conseco also relies on *Ulibarri v. City & County of Denver*, No. 07-CV-1814WDM-MJW, 2008 U.S. Dist. LEXIS 93270, (D. Colo. Nov. 10, 2008) for support of its position, Plaintiff asserts that simply requesting identification of witnesses or identification of documents as they relate to a specific topic in an interrogatory should not somehow deem them separate and distinct from the primary question. Interestingly, even Conseco concedes that the *Ulibarri* court does not discuss common theme principles or apply any type of "common theme" test, which Plaintiff urges the Court to apply to the circumstances at issue. (*See Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery*, Document 50, filed 11/25/11).

7. Plaintiff previously demonstrated that the interrogatories served on Conseco that do contain subparts only requested information related to certain paragraphs of Conseco's Answer or responses to Plaintiff's Requests for Admission and should not be deemed as multiple interrogatories as the subparts are factually and logically intertwined with the primary question in the interrogatory. (*See Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery*, Document 49, filed 11/04/11). Indeed, the logic employed by the Federal Rules of Civil Procedure

the court there determined that subparts which are logically or factually related to the primary question contained in the interrogatory should be counted as one interrogatory. Again, the focus of the inquiry into the issue of whether subparts should be counted as multiple interrogatories is not on the type of information requested but the substantive nature of the subparts as they relate to the primary theme of the interrogatory.

6. Although Conseco also relies on *Ulibarri v. City & County of Denver*, No. 07-CV-1814WDM-MJW, 2008 U.S. Dist. LEXIS 93270, (D. Colo. Nov. 10, 2008) for support of its position, Plaintiff asserts that simply requesting identification of witnesses or identification of documents as they relate to a specific topic in an interrogatory should not somehow deem them separate and distinct from the primary question. Interestingly, even Conseco concedes that the *Ulibarri* court does not discuss common theme principles or apply any type of "common theme" test, which Plaintiff urges the Court to apply to the circumstances at issue. (*See Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery*, Document 50, filed 11/25/11).

7. Plaintiff previously demonstrated that the interrogatories served on Conseco that do contain subparts only requested information related to certain paragraphs of Conseco's Answer or responses to Plaintiff's Requests for Admission and should not be deemed as multiple interrogatories as the subparts are factually and logically intertwined with the primary question in the interrogatory. (*See Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery*, Document 49, filed 11/04/11). Indeed, the logic employed by the Federal Rules of Civil Procedure

Advisory Committee on the issue of subparts supports the reasoning put forth by Plaintiff precisely because requesting identification of documents or witnesses only as they relate to the primary topic in an interrogatory should be treated as one interrogatory. *See* Fed. R. Civ. P. 33(a) advisory committee's note (1993 Amendments). Based on "common theme" principles applied in this jurisdiction, Plaintiff's subparts should not be treated as separate interrogatories due to common subject matter inherent in each subpart with respect to the primary topic in the interrogatory.

8. Nevertheless, if the Court agrees with the position put forth by Conseco, then in the interests of justice and for good cause, Plaintiff should be allowed to propound additional interrogatories. The fact of the matter is that Plaintiff has been steadfast in his good faith efforts to resolve this dispute without intervention of this Court in order to avoid wasting time and precious resources on a hyper-technical dispute. There has been no unreasonable delay on the part of Plaintiff as Plaintiff has used other avenues of discovery to gather relevant information and has attempted on <u>several</u> occasions to resolve this matter (despite Conseco failing to respond to some of the attempts) while at the same time continuing in its efforts to have Conseco properly answer interrogatories requested by Plaintiff. (*See Plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery*, Document 49, filed 11/04/11).

9. Furthermore, there is no merit to Conseco's claim that the Court should deny Plaintiff's alternative request for leave to propound additional interrogatories. The discovery deadline in this case is not until February 1, 2012 and Conseco has not been prejudiced by any "delay" nor would it be prejudiced if Plaintiff were allowed additional

interrogatories.[3]   (*See Order*, Document 40, filed 09/01/11).   Finally, Conseco's unwillingness to amicably resolve this dispute while being made aware of its untenable position by counsel for Plaintiff on several occasions rightfully warrants the imposition of expenses and attorney fees on Conseco.

10.   WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests the Court enter an order compelling Defendant to properly respond and answer Plaintiff's Interrogatory Nos. 15-21.

> Respectfully submitted,
>
> **WHITTEN BURRAGE**
>
> /s/ Simone Gosnell Fulmer
> Reggie Whitten, OBA #9576
> Michael Burrage, OBA #1350
> Simone Gosnell Fulmer, OBA #17037
> Harrison Lujan, OBA #30154
> 1215 Classen Drive
> Oklahoma City, Oklahoma 73103
> Telephone:   (405) 516-7800
> Facsimile:    (405) 516-7859
> E-Mail:    rwhitten@whittenburragelaw.com
>             mburrage@whittenburragelaw.com
>             sfulmer@whittenburragelaw.com
>             hlujan@whittenburragelaw.com
>
> **ATTORNEYS FOR PLAINTIFF**

---

[3] Moreover, this Court has not altered the limits on the number of interrogatories pursuant to Federal Rules of Civil Procedure Rule 26(b)(2)(A).

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this the 2nd day of December, 2011, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| William W. O'Connor | Steven K. Huffer |
| NEWTON, O'CONNOR, TURNER | S.K. HUFFER & ASSOCIATES, PC |
|  & KETCHUM, PC | 12220 N. Meridian Street, Suite 250 |
| 2700 Bank of America Center | Carmel, IN  46032 |
| 15 West Sixth Street | |
| Tulsa, OK 74119 | |

            /s/Simone Gosnell Fulmer