# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY BILLINGS, Limited Guardian of the Person of DONALD BILLINGS, an incapacitated person,<br><br>Plaintiff,<br><br>vs.<br><br>CONSECO HEALTH INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-10-372-M<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery, filed November 4, 2011. On November 25, 2011, defendant filed its response, and on December 2, 2011, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff moves this Court to compel defendant to properly respond and answer plaintiff's Interrogatory Nos. 15-21. Defendant objected to these interrogatories on the basis that they exceeded the allowance of Federal Rule of Civil Procedure 33(a)(1), which limits interrogatories to 25, including all discrete subparts.

Rule 33(a)(1) provides:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Fed. R. Civ. P. 33(a)(1).

Discrete subparts are included in the interrogatory limit to prevent abuse; however, they remain problematic because they are often difficult to identify. The advisory committee has provided the following guidance as to when subparts should count as separate interrogatories:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Fed. R. Civ. P. 33(a) advisory committee's note (1993 Amendments).

*Federal Practice and Procedure* commentators Wright, Miller and Marcus have elaborated on the advisory committee's note as follows:

> The application of the numerical limitation on interrogatories can present problems in some cases, given the direction that "discrete subparts" be counted as separate interrogatories for purposes of the 25-question rule. The Advisory Committee provided some insight on this problem by explaining that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Thus, it would appear that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation.

8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2168.1, at 39-40 (3d ed. 2010).

Courts that have addressed this issue have stated:

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

*Wildearth Guardians v. Public Serv. Co. of Colo.*, Civil Action No. 09-cv-01862-ZLW-MEH, 2010 WL 5464313, at *2 (D. Colo. 2010) (quoting *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997)).

In the case at bar, defendant asserts that plaintiff's Interrogatory Nos. 4-14 each count as more than one interrogatory because the requests to identify documents and witnesses each constitute discrete subparts. Plaintiff, on the other hand, contends that the requests to identify documents and witnesses are part of a common theme and should be counted as one interrogatory. While the courts are split as to whether requests to identify documents and witnesses in relation to the first part of an interrogatory are part of a common theme and should be counted as one interrogatory or are discrete subparts, reviewing the interrogatories at issue in this case, the Court finds that the subparts of plaintiff's Interrogatory Nos. 4-14 are part of a common theme and should be counted as one interrogatory. Accordingly, the Court finds that plaintiff's Interrogatory Nos. 1-14 each count as one interrogatory, resulting in a total of 14 interrogatories – 11 interrogatories less than the twenty-five interrogatory limit set forth in Rule 33(a)(1). The Court, therefore, finds that defendant should be compelled to respond and answer plaintiff's Interrogatory No. 15.

Defendant also asserts that plaintiff's Interrogatory No. 16 counts as more than one interrogatory. Interrogatory No. 16 states as follows:

3

> If YOUR response to any of the Requests for Admission served contemporaneously herewith is anything other than an unqualified admission, set forth the factual basis for YOUR denial or partial denial and IDENTIFY each DOCUMENT YOU believe supports such denial or partial denial as well as each PERSON YOU intend to call to testify as a witness to support such denial or partial denial.

Courts have found that "an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 446 (C.D. Cal. 1998). *See also Wildearth*, 2010 WL 5464313, at *4. As the *Safeco* court stated:

> Allowing service of an interrogatory which requests disclosure of all of the information on which denials of each of [the] requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).

*Safeco*, 181 F.R.D. at 445.

Having carefully reviewed the requests for admission to which defendant responded with "anything other than an unqualified admission", the Court finds that said requests concern different, separate, or discrete matters, and, thus, the Court finds that plaintiff's Interrogatory No. 16 should be construed as containing a discrete subpart for each request for admission that falls within plaintiff's Interrogatory No. 16, resulting in at least sixteen (16) discrete subparts. Accordingly, the Court finds that plaintiff exceeds the twenty-five interrogatory limit with plaintiff's Interrogatory No. 16.

In his motion, plaintiff alternatively moves the Court to allow him to propound the additional interrogatories over the twenty-five interrogatory limit. Having carefully reviewed the parties' submissions, and in the interests of justice and for good cause shown, the Court finds that plaintiff should be allowed to propound his additional interrogatories.

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Compel Defendant to Respond to Interrogatories Requested in Discovery [docket no. 49] as follows:

(1) The Court GRANTS the motion to compel as to plaintiff's Interrogatory No. 15;

(2) The Court DENIES the motion to compel as to plaintiff's Interrogatory Nos. 16-21, and

(3) The Court GRANTS plaintiff leave to propound his additional interrogatories, specifically plaintiff's Interrogatory Nos. 16-21.

Defendant shall respond to plaintiff's Interrogatory Nos. 15-21 within thirty (30) days of the date of this Order.

**IT IS SO ORDERED this 12th day of December, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE